**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GLADYS PEREZ,

                                        Plaintiff,

                                                                    15-CV-240
          v.                                                        (GTS/CFH)

GENERAL MOTORS, LLC, GENERAL MOTORS
HOLDING, LLC, DELPHI AUTOMOTOVE, PLC,
DPH-DAS, LLC F/K/A/ DELPHI AUTOMOTIVE
SYSTEMS, LLC, GOLDSTEIN CHRYSLER JEEP,
INC., PATROLMAN JACK WALLACE, THE CITY
OF ALBANY, and ALBANY HOUSING
AUTHORITY

                                        Defendants.

APPEARANCES

GLADYS PEREZ
Plaintiff Pro Se
63 Second Street, Unit 1
Waterford, New York 12188

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**


**REPORT-RECOMMENDATION AND ORDER**

**I. Background**[1]

          Presently before this Court is an application to proceed in forma pauperis and a

complaint filed by plaintiff Gladys Perez.  Plaintiff has not paid any fee relating to this

action.   Dkt. Nos. 1 & 2.  Plaintiff brings this action regarding a single car accident and

subsequent arrest that occurred in March 2014.  Compl. at 8 (Dkt. No. 1).[2]  Plaintiff's

---

[1]  Any unpublished decisions cited within this Report-Recommendation and Order are attached hereto.

[2]  The arrest did not result in any charges or incarceration.  Compl. at 12.

complaint alleges, pursuant to 42 U.S.C. § 1983 and New York State Law, that defendants Patrolman Jack Wallace ("Wallace") and his employer the City of Albany ("City") – under a theory of respondeat superior – (1) violated the Fourth Amendment of the Constitution of the United States through "the illegal search and seizure, illegal detention, false arrest, use of excessive force, [and] assault and battery"; and (2) committed common law false arrest, assault, and battery. Id. at 2, 23, 29. She further contends that the City conspired with the Albany Housing Authority ("AHA") to destroy certain videotape evidence relevant to this litigation. Id. at 36. Arguing that these claims are properly part of the same case or controversy as they arose out of the same nucleus of operative facts, thus, allowing for the existence of supplemental jurisdiction, plaintiff further brings this action under New York State law for negligence and strict products liability against defendants General Motors, LLC; General Motors Holding, LLC; Delphi Automotive PLC; DPH-DAS, LLC, f/k/a/ Delphi Automotive Systems, LLC; and Goldstein Chrysler Jeep for the alleged failure of the ignition switch device in her vehicle, which "shut off unexpectedly and the power steering failed," causing the accident. Id. at 9, 12-13.


A.  **Facts**

Plaintiff contends that on March 4, 2014, while attempting to park her 2007 Chevy Malibu on Morton Avenue in the city of Albany, the ignition switch on her vehicle malfunctioned, causing her to crash into a parked vehicle. Compl. at 8-9. Defendant Wallace was the responding officer at the scene of the accident. Id. at 9. Plaintiff states that, because the air bag did not deploy, she injured her head during the

accident and requested medical aid from Wallace.  Id.  Instead, Wallace repeatedly yelled at plaintiff to return to her vehicle, eventually slamming the driver's side door on her elbow.  Id. at 10-11.  When plaintiff again exited her vehicle to tell Wallace that she was injured, Wallace allegedly dragged plaintiff from her vehicle, threw her to the pavement, stepped on her face, yanked her arms behind her back, and arrested her. Id. at 11.  Plaintiff was then taken to Albany Medical Center by ambulance for treatment.  Id. at 11-12.  At the hospital, plaintiff was subjected to a breathalyzer test, which revealed a Blood Alcohol Content of 0.00, and a urine test.  Id. at 12.  Plaintiff was released without any charges.  Id.

II.  **Discussion**

A.  **IFP Status**

After reviewing plaintiff's IFP Application (Dkt. No. 2), the Court finds that she may properly proceed with this matter in forma pauperis.

B.  **Initial Screening**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his or her complaint before permitting him to proceed further with his action.

1.  **Claims against Wallace in his Official Capacity**

Plaintiff alleges violations under the Fourth Amendment and New York State law against Wallace for damages in his individual and official capacities.  Compl. at 4, ¶ 9.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. AMEND. XI.  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment.  Halderman, 465 U.S. at 100.  "New York State has not consented to suit in federal court."  Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977).  Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states.  See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).  "[C]laims against a government employee in his official capacity are treated as claims against the municipality," and, thus, cannot stand under the Eleventh Amendment.  Hines v. City of Albany, 542 F. Supp. 2d 218 (N.D.N.Y. 2008).

To the extent that plaintiff's complaint raise claims against Wallace in his official capacity for violations of the Fourth Amendment and New York State Law, such claims cannot stand.[3]  Accordingly, it is recommended that all claims against Wallace in his

---

[3]  Although claims for injunctive relief may be brought against defendants in their official capacity, the complaint makes clear that plaintiff is not seeking prospective, injunctive relief, but solely monetary relief for past alleged wrongs.  See Interboro Institute, Inc v. Maurer, 956 F.Supp. 188, 194 (N.D.N.Y. 1997) (citing Ex Parte Young, 209 U.S. 123, 160 (1908)).

official capacity be dismissed.

## 2.  **Claims against the City and AHA**

### a.  **City**

Plaintiff alleges that the City, under the theory of respondeat superior, violated

the Fourth Amendment and New York State law.  Compl. at 5 ¶ 12.  As noted,

Eleventh Amendment bars federal courts from entertaining suits brought by a private

party against a State or one of its agencies absent consent, waiver, or where Congress

expressly overrides immunity.  <u>Abrahams</u>, 473 F. Supp. 2d at 556.  However,

> [a] municipal entity, such as the City here, may not liable pursuant to §
> 1983 under the theory of respondeat superior, but may be liable where
> its employee acted pursuant to an official policy, custom, or practice of
> said entity. <u>See</u> <u>Monell [v. Dept. of Soc. Services of City of New York]</u>,
> 436 U.S. [658,] 694-95 [1978]; <u>Rojas v. Alexander's Dep't Store, Inc.</u>,
> 924 F.2d 406, 408 (2d Cir.1990).  Such a policy, custom or practice may
> 'be inferred where the municipality so failed to train its employees as to
> display a deliberate indifference to the constitutional rights of those
> within its jurisdiction.' <u>Patterson</u>, 375 F.3d at 226 (quoting <u>Kern v. City of
> Rochester</u>, 93 F.3d 38, 44 (2d Cir.1996)) (internal quotation marks
> omitted).'

<u>Hines</u>, 542 F. Supp. 2d at 227; <u>see</u> <u>also</u> <u>Zahra v. Town of Southhold</u>, 48 F.3d 674, 685

(2d Cir. 1995).

Although plaintiff appears to base her claim against the City upon a theory of

respondeat superior, given that plaintiff is <u>pro se</u>[4] and may be able to allege a cause of

action against the City under a <u>Monell</u> theory, the undersigned recommends that

plaintiff be granted leave to amend her complaint.  <u>See</u> <u>generally</u> <u>Hines v. City of</u>

---

[4]  The Second Circuit has repeatedly recognized that pro se litigants are to be afforded special solicitude.
<u>See</u> <u>Triestman v. Federal Bureau of Prisons</u>, 470 F.3d 471, 477 (2d Cir. 2006)

Albany, 542 F. Supp. 2d 218 (N.D.N.Y. 2008).[5]

Accordingly, it is recommended that all claims against the City be dismissed without prejudice and with leave to amend.


b. **AHA**

Plaintiff next contends that AHA is liable for spoilation of evidence and conspiracy for conspiring with the City of Albany to destroy evidence it knew was necessary for future litigation.  Compl. at 36.  Plaintiff alleges that on March 14, 2014, she submitted a Freedom of Information Law ("FOIL") request to Joseph M. Brennan, AHA's General Counsel and FOIL officer.  Compl. at 37.  In this request, she demanded a copy of a video recording allegedly captured by a surveillance camera located on 1 Lincoln Square, Building 3, a building owned by AHA, which plaintiff believes captured the subject accident and resultant arrest.  Id.  Plaintiff contends that on March 20, 2014, Brennan responded to her request, stating that he was able to recover the video and anticipated a response date of March 28.  Id. at 38.  On May 6, Brennan wrote to plaintiff, stating that the Albany Housing Authority "reviewed all of its surveillance video in the vicinity of 3 Morton Avenue and the intersection of Morton Avenue and Elizabeth Street for March 3, 2014 between 9:00 a.m. and 12:00 p.m. and found no video showing a motor vehicle accident."  Id.  He did not provide a copy of, or access to, this video.  Id.  On May 8, plaintiff again requested a copy of the video from

---

[5]  In so recommending, the undersigned wishes to make clear that he offers no opinion whether plaintiff has a cognizable claim against the City.  See e.g. Levesque v. New York, 13-CV-825, 2014 WL 4437629, at *5 (N.D.N.Y. Sept. 8, 2014) (granting leave to amend complaint where the plaintiff named city police department rather than city as the defendant and noting that Court was making no comment whether the plaintiff had a valid claim against the city).

Brennan.  Id.  On May 30, Brennan responded that because the Albany Housing Authority "found no video showing a motor vehicle accident . . . that video was not preserved and has since been recorded over."  Id.

The Court notes that "New York law does not recognize an independent cause of action for civil conspiracy . . . .  However, [i]f an underlying, actionable tort is established, . . . plaintiff may plead the existence of a conspiracy in order to demonstrate that each defendant's conduct was part of a common scheme.'"  Amadsau v. Bronx Lebanon Hosp. Ctr., 03-CV-6450 (LAK/AJP), 2005 WL 121746, at *10 (S.D.N.Y. Jan. 1, 2005) (quoting Treppel v. Biovail Corp., 03-CV-3002, 2004 WL 2339759, at *8 (S.D.N.Y. Oct. 14, 2004).  Here, plaintiff's complaint sets forth spoilation as the proposed tort underlying her conspiracy claim.  Compl. at 36.  However, spoilation of evidence is not clearly recognized as a distinct cause of action under New York law (SAT Intern. Corp. v. Great White Fleet (U.S.) LTD., 03-CV-7481(KNF), 2006 WL 661042, at *11-12 (citing Metlife Auto & Home v. Joe Basil Cheverolet, Inc., 1 N.Y.3d 478, 483 (N.Y. 2004))); rather, it conduct that is subject to sanction within a judge's discretion.  See generally West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).  Therefore, the conspiracy claim cannot stand on its own as an independent tort, and an actionable tort must be alleged as the basis for a conspiracy claim.

Accordingly, because plaintiff pleads no actionable tort underlying her conspiracy claim, it is recommended that plaintiff's claims for conspiracy and spoilation against the City of Albany and Albany Housing Authority be dismissed, with prejudice and without

leave to amend, for failure to state a cause of action.[6]

### III.  Conclusion

**WHEREFORE**, it is hereby:

**ORDERED** that plaintiff's <u>in</u> <u>forma</u> <u>pauperis</u> application (Dkt. No. 2) is granted;[7]

and it is further

**RECOMMENDED** that:

    **1.** all claims against defendant Wallace in his official capacity be dismissed with

prejudice and without leave to amend;

    **2.** all claims against defendant Albany Housing Authority be dismissed with

prejudice and without leave to amend; and

    **3.** plaintiff's Fourth Amendment and New York State Law assault, battery, and

false arrest claims against defendant City of Albany be dismissed without

prejudice, and with leave to amend; and should this Report-Recommendation

and Order be adopted, plaintiff be given **THIRTY (30)** days from the District

Judge's Order adopting this Report-Recommendation and Order to file said

amended complaint; and

---

[6]  The undersigned recognizes that even if plaintiff had alleged that AHA committed a FOIL violation in failing to preserve the video, FOIL violations do not give rise to a colorable claim under 42 U.S.C. 1983. <u>See</u> <u>Geer v. Pheffer</u>, No. 14-CV-2829 (CBA), 2015 WL 332996, at *3 & n4  (E.D.N.Y. Jan. 23, 2015)(holding that a violation of FOIL is not cognizable under section 1983 and noting that "FOIA [Freedom of Information Act] non-compliance is immaterial to a Section 1983 claim because FOIA, as noted in the prior section, only applies to federal agencies.") (citation omitted).

[7]  Plaintiff should note that she will still be required to pay fees that she may incur in this action, including but not limited to copying and/or witness fees.

**4**. all remaining claims against the City of Albany be dismissed with prejudice and without leave to amend, and it is further

**ORDERED**, that if the above recommendations are adopted by the District Judge, (1) the Clerk shall be directed to issue Summonses for those remaining defendants and forward them, along with copies of the Complaint and General Order 25, to the United States Marshal for service upon the remaining defendants; and (2) the remaining defendants or their counsel shall be directed to provide a formal response to the Complaint, in accordance with the Federal Rules of Civil Procedure, as it relates to the claims against them, and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed

9

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).


**IT IS SO ORDERED.**


Dated:  March 6, 2015
        Albany, New York

Christian F. Hummel
U.S. Magistrate Judge