UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GLADYS PEREZ,

                              Plaintiff,

                                                        1:15-CV-0240
v.                                                      (GTS/CFH)

GEN. MOTORS, LLC; GEN. MOTORS HOLDING, LLC;
DELPHI AUTO., PLC; DPH-DAS, LLC, f/k/a DELPHI
AUTO. SYS., LLC; GOLDSTEIN CHRYSLER JEEP,
INC.; PATROLMAN JACK WALLACE; CITY OF
ALBANY; and ALBANY HOUSING AUTH.,

                              Defendants.
_____

APPEARANCES:

GLADYS PEREZ
  Plaintiff, *Pro Se*
63 Second Street, Unit 1
Waterford, New York  12188

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this civil rights action filed *pro se* by Gladys Perez

("Plaintiff") against the above-captioned individual and entities ("Defendants") arising from

Plaintiff's arrest following an auto accident in March of 2014 in Albany, New York, is United

States Magistrate Christian F. Hummel's Report-Recommendation recommending that certain of

the claims in Plaintiff's Complaint be dismissed with prejudice, that certain of her claims be

conditionally dismissed (i.e., dismissed with prejudice unless she corrects the pleading defects in

them within thirty dates of the date of this Decision and Order), and that the remainder of her

claims survive the Court's initial review of her Complaint.  (Dkt. No. 4.)  Plaintiff has not filed

an objection to the Report-Recommendation and the deadline in which to do so has expired.

(*See generally* Docket Sheet.)

When *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.: *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Here, based upon a careful review of this matter, the Court can find no clear error in Magistrate Judge Hummel's Report-Recommendation.  (Dkt. No. 4.)  Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id*.)  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims are **<u>DISMISSED</u>** **with prejudice** and **without leave to amend**:

(1)     all claims against Defendant Jack Wallace in his official capacity;

(2)     all claims against Defendant Albany Housing Authority; and

(3)      all claims against Defendant City of Albany **EXCEPT** (1) Plaintiff's claims of unreasonable search and seizure, false arrest and excessive force under the Fourth Amendment against Defendant City of Albany, and (2) her claims of false arrest and assault and battery under New York State law against Defendant City of Albany; and it is further

**ORDERED** that Plaintiff's claims of unreasonable search and seizure, false arrest and excessive force under the Fourth Amendment against Defendant City of Albany, and her claims of false arrest and assault and battery under New York State law against Defendant City of Albany, **shall be DISMISSED with prejudice** and without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision & Order, Plaintiff submits an Amended Complaint correcting the pleading defects in those claims as identified in Magistrate Judge Hummel's Report-Recommendation; and it is further

**ORDERED** that any Amended Complaint that Plaintiff chooses to file shall be a complete pleading, which with supersede her original Complaint in all respects, and may not incorporate any portion of her original Complaint by reference, in accordance with Local Rule 7.1(a)(4) of the District's Local Rules of Practice;[1] and it is further

**ORDERED** that Plaintiff's remaining claims–i.e., her claims against Defendant Jack Wallace in his individual capacity and her claims against General Motors LLC, General Motors Holding, LLC, Delphi Automotive, PLC, DPH-DAS, LLC f/k/a Delphi Automotive Systems, LLC, and Goldstein Chrysler Jeep, Inc.–**SURVIVE** the Court's initial review of her Complaint; and it is further

---

[1]      The Court notes that, on March 3, 2015, Plaintiff was provided with a courtesy copy of both the District's Local Rules of Practice and the District's *Pro Se* Handbook.  (Dkt. No. 3.)

**ORDERED** that the Clerk of Court shall issue Summonses, along with copies of the Complaint and General Order 25, to the United States Marshal for service upon the Defendants listed in the preceding paragraph ("the remaining Defendants"); and it is further

**ORDERED** that those remaining Defendants or their counsel shall provide a formal response to the Complaint, in accordance with the Federal Rules of Civil Procedure, as it relates to the claims against them; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Decision and Order upon Plaintiff.

Dated:   April 21, 2015
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

4